UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 08-077M |
| | : | |
| JAMES GUY | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

    This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant James Guy is in violation of the terms of his supervised release and, if so, for recommended disposition.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on November 23, 2015, and on January 26, February 22, March 29, May 4, and August 9, 2016.

    At his initial appearance on November 23, 2015, hearing, Defendant waived his right to a revocation hearing and admitted that he had violated the terms of his supervised release; he was released on prior conditions pending my report and recommendation and final sentencing.  In reliance on his admission, I found him guilty of the two violations.  At Defendant's request, the sentencing hearing was postponed with monthly status conferences to monitor compliance.  At the February 22, 2016, hearing, a mental health treatment bail condition was added to allow Defendant to access treatment.  At the May 4, 2016, hearing, a curfew with the potential for location monitoring[1] was added as a bail condition because of Defendant's continuing occasional

---

[1] The bail condition provided that location monitoring would automatically be imposed if any drug screens were positive; that occurred on May 12, 2016.

drug use.  Location monitoring was added on May 12, 2016; since May 12 and continuing to the date of the final imposition of sentence, Defendant has been, and will be, subject to the curfew and location monitoring bail conditions.

Based on Defendant's impressive accomplishments during the nearly nine months that this matter has been pending, and with the acquiescence of the government, I recommend that the Court treat the two violations as Grade C and find that the conduct has been sufficiently punished by the bail condition of curfew/location monitoring to which Defendant has been subject since May 12, 2016; accordingly, I am not recommending that a curfew or location monitoring be imposed as a sentence condition but rather that both of these bail conditions terminate upon the imposition of sentence.  Further, I do not recommend that the Court revoke or extend supervision.  Instead, I recommend that Defendant remain on the present term of supervision with his conditions of supervised release modified by the imposition of the following:

> **Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office. Defendant shall participate in a program of substance abuse testing (up to 72 drug tests per year) as directed and approved by the Probation Office.**
>
> **Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.  Defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the probation officer.**
>
> **Defendant shall participate in a manualized behavioral program as directed by the United States Probation Office.  Such program may include group sessions led by a counselor or participation in a program administered by the United States Probation Office.  Defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.**
>
> **The defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the probation officer.**

I.      BACKGROUND

On November 9, 2015, the Probation Office petitioned the Court for a summons. Defendant appeared voluntarily on November 23, 2015, and admitted to the following violations:

**Violation No. 1: While on supervision, the defendant shall not commit another federal, state, or local crime.**

On June 15, 2015, Mr. Guy committed the offense of Possession of Cocaine, Resisting Arrest, and Driving without a License, as evidenced by his conviction on September 30, 2015.

**Violation No. 2: The defendant shall refrain from any unlawful use of a controlled substance.**

Mr. Guy used cocaine as evidenced by his positive urine screens on June 16 and October 1, 2015, and subsequent admission.

Based on Defendant's admission to these violations, I find that he is in violation of the terms and conditions of his supervised release.

## II.     APPLICABLE LAW

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond five years if the instant offense was a Class A felony, three years for a Class B felony, two years for a Class C or D felony, or one year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for

Class B and Class C felonies; therefore, he may not be required to serve more than three years imprisonment upon revocation.

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) of the United States Sentencing Guidelines ("USSG") provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life.

Section 7B1.1 of the USSG provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct that is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B

violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.  Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervision.  In this case, Defendant was initially charged with conduct categorized as Grade B; as described *infra*, by agreement of the parties, I am recommending that they be treated as Grade C.

Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one half of the minimum term is satisfied by imprisonment.  Neither of these provisions applies to this matter.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which

revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the defendant was originally sentenced.  In this instance, Defendant had a Criminal History Category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  In this case, as described *infra*, the Court recommends that all of Defendant's violations be treated as Grade C; and Defendant has a Criminal History Category of VI.  Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

### III.   ANALYSIS

On June 4, 2009, Defendant was sentenced to seventy-seven months incarceration for five counts of distribution of cocaine base and one count of being a felon in possession of a firearm.  His sentence length was adversely affected by his criminal history category of VI. Supervised release began on July 2, 2014, with an expected expiration date of July 1, 2019.[2]

---

[2] At the August 9, 2016, hearing, the parties and the Court operated under the misimpression that supervised release would end on July 1, 2017; based on that error, the parties presented a joint recommendation that supervision be extended by six months past July 1, 2017. After the Court informed the parties that the current end-date for

Initially, Defendant did fairly well on supervision: he secured and maintained employment, first at a restaurant and then at Cardi's Furniture, and completed outpatient substance abuse treatment in April 2015. However, after almost a year without significant violations, Defendant was arrested on June 15, 2015, after he was pulled over by the Providence Police for operating a car with unlawful sunscreen material. After determining he did not have a driver's license, officers searched him and discovered two bags of cocaine in his pants pocket; fearing reincarceration, Defendant fled on foot, but was arrested by other officers. This conduct forms the basis for Violation No. 1. However, Probation did not initiate a petition right away; rather, his officer continued to work with him until Defendant presented with two positive drug screens – these triggered the filing of the petition and form the basis for Violation No. 2.

Because of being criminal history category VI, Defendant faced a stiff penalty when he first appeared before this Court on November 23, 2015. Charged as Grade B, the violations required mandatory revocation with an applicable guidelines range of imprisonment from twenty-one to twenty-seven months. While Defendant promptly admitted to the violations, he requested that the Court postpone sentencing and instead schedule a series of status conferences to monitor his progress, with the hope that he could demonstrate that an incarcerative consequence would not be necessary. What followed was extremely impressive.

In February, Defendant was cleared by the Traffic Tribunal to get his driver's license reinstated and received extremely positive feedback from his employer. In March, Cardi's offered a promotion to a sales position, for which he began training in the end of March. Over the months that followed, he received recognition from Cardi's for his excellent sales performance, including a bonus for "exceptional performance." He engaged appropriately in

---

supervised release is actually July 1, 2019, the government withdrew its suggestion of an extension. Accordingly, the parties now concur that the term of supervision should not be altered.

substance abuse treatment and initiated the request that the Court add mental health treatment to his bail conditions in recognition of his need for such support. He severed negative social relationships, began living with family members, and has worked collaboratively with his probation officer. He has taken advantage of strong family support.

Particularly in the first five months of 2016, Defendant continued to struggle with substance abuse. The last positive drug screen was on May 9, 2016, which triggered the imposition of the location monitoring to supplement the curfew already in place; since then Defendant has had no positive drug screens. On June 14, 2016, Defendant was successfully discharged from substance abuse treatment.

With this background, the Court scheduled the matter for the parties' sentencing recommendations on August 9, 2016. In light of Defendant's success in addressing the criminal charge of driving without a license by getting his license reinstated, the government agreed that it is more appropriate to focus only on the cocaine possession charge in Violation No. 1, which converts it from Grade B to Grade C. Mindful that Defendant has had his liberty impaired by the bail condition of a curfew with radio frequency monitoring since May 12, 2016, the parties concur in my recommendation that this is sufficient punishment for his conduct. The conditions that I am recommending are based on what Defendant agrees he now needs as supports to continue on the same positive path. In addition, at the hearing, I told Defendant that Probation's level of supervision can – and will – be calibrated to match his conduct, as well as he can apply to the Court for a reduction of the length of the supervision component of his sentence if circumstances warrant.[3]

---

[3] One way to reduce the term of supervision is to participate in and successfully complete the Hope Court program. I am not including a Hope Court recommendation; because of Defendant's progress, the Hope Court level of intensive supervision may not be appropriate for him. However, if he is interested, it is certainly an option to discuss with his Probation officer.

On allocution, Mr. Guy thanked his Probation officer and the Court. He acknowledged that it has been a rough ride, but he now feels as if he has done a "180" with help of his treatment, so that he has become a completely different person, including getting his family back. He expressed his gratitude to everybody, particularly to his Probation officer.

## IV.    CONCLUSION

After considering the appropriate factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that the Court treat the pending violations as Grade C and that the conditions be modified so that, while on supervised release, Defendant be required to comply with the following conditions:

> Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office. Defendant shall participate in a program of substance abuse testing (up to 72 drug tests per year) as directed and approved by the Probation Office.

> Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office. Defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the probation officer.

> Defendant shall participate in a manualized behavioral program as directed by the United States Probation Office. Such program may include group sessions led by a counselor or participation in a program administered by the United States Probation Office. Defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

> The defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the probation officer.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 12, 2016